# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

| | |
|---|---|
| **WILLIAM M. WOODSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 2:15-16254** |
| v. ) | |
| ) | |
| **PATRICK MIRANDY, Warden,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 14), filed on March 31, 2016. By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) By Order entered on January 4, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 8.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Respondent's "Motion to Dismiss the Petition as Untimely."

## PROCEDURE AND FACTS

**A.    Criminal Action No. 05-F-303:**

In May 2005, the Grand Jury of Kanawha County, West Virginia, returned a two count Indictment against Petitioner charging him with one count of First Degree Robbery and one count of Malicious Wounding. (Document No. 14-1, p. 3.) Following a one-day jury trial, Petitioner was convicted on September 28, 2005, of both of the above counts. (Id., p. 5.) On

October 24, 2005, the Circuit Court sentenced Petitioner to a determine 35-year sentence for the First Degree Robbery conviction and an indeterminate period of not less than 2 nor more than 10 years for the Malicious Wounding conviction, to run consecutively. (Id., p. 6.) On October 31, 2005, the Circuit Court held an additional sentencing hearing to ensure that Petitioner was aware of his right to appeal and to establish on the record that Petitioner's trial counsel would be handling any appeal. (Document No. 14-5.)

On November 3, 2005, Petitioner, by counsel, Joseph Cometti, filed a Notice of Appeal. (Document No. 14-1, p. 6.) Mr. Cometti passed away unexpectedly on August 6, 2006, and a timely appeal was never perfected. (Id. and Document No. 14-11.) On August 17, 2006, the Circuit Court appointed Jesse Forbes to represent Petitioner on appeal. (Document No. 14-10.) On October 5, 2006, Petitioner filed a Motion for Resentencing. (Document No. 14-6.) On February 9, 2007, the Circuit Court granted Petitioner's Motion and resentenced Petitioner to the same sentence as previously imposed. (Document No. 14-7.) Petitioner filed his Petition for Appeal with the West Virginia Supreme Court of Appeals on June 6, 2007. (Document No. 14-1, p. 6.) In his Petition, Petitioner asserted the following errors:

1. The trial court erred in the admission of evidence of "prior bad acts" of Mr. Woodson, in violation of Rule 404(b) of the West Virginia Rules of Evidence.

2. The trial court erred in the admission of evidence that Mr. Woodson and his co-defendant, Mr. Brown, had a racially biased motive in committing the crimes.

3. The trial court erred in the introduction of hearsay statements by Mr. Brown, in violation of Mr. Woodson's Sixth Amendment right to confront witnesses against him.

4. The failure of the State to disclose a "potentially exculpatory" eye witness.

5. There was insufficient evidence to support Mr. Woodson's convictions

        and trial court imposed excessive sentences.

      6.     Ineffective assistance of trial counsel.

(Id.) Subsequently, the West Virginia Supreme Court granted Petitioner's petition for appeal. (Id.) By Per Curiam Opinion entered on November 6, 2008, the West Virginia Supreme Court affirmed Petitioner's convictions and sentences. State v. Woodson, 222 W.Va. 607, 671 S.E.2d 438 (2008)(per curiam). Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

**2.     First State *Habeas* Proceeding:**

On February 23, 2009, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Kanawha County. (Document No. 14-1, p. 6.); Woodson v. Ballard, Case No. 09-MISC-60 (Cir. Ct. Kanawha Co. April 22, 2010). On September 8, 2009, the Circuit Court appointed Kristopher Faerber as *habeas* counsel. (Id.) On November 9, 2009, Petitioner, by counsel, filed an Amended Petition for Writ of *Habeas Corpus* Ad Subjiciendum. (Id.) Petitioner, by counsel, filed a Supplemental Amended Petition on December 10, 2009, and a Second Supplemental Amended Petition on January 13, 2010. (Id.) In his Amended Petition and Supplemental Amended Petitions, Petitioner alleged the following grounds for relief:

      1.     Ineffective assistant of trial counsel;

      2.     Disproportionate sentence;

      3.     Count One of Indictment for First Degree Robbery was defective and void; and

      4.     Count Two of the Indictment for Malicious Wounding was defective and void.

(Id., p. 8.) An omnibus hearing was conducted on December 16, 2009, and January 13, 2010.

(Id.) During the omnibus hearing, Petitioner presented only his own testimony. (Id.) By Order entered on April 22, 2010, the Circuit Court denied Petitioner's *habeas* petition. (Id., pp. 1 - 17.) Petitioner appealed the denial to the West Virginia Supreme Court of Appeals. On November 18, 2010, the West Virginia Supreme Court refused Petitioner's petition for appeal. Woodson v. Mirandy, 2015 WL 1741704, * 1 (W.Va. April 13, 2015).

**3.      Rule 35 Motion:**

On July 12, 2010, Petitioner filed in the Circuit Court of Kanawha County a Rule 35 Motion for Correction of Sentence. (Id.) This Motion remains pending before the Circuit Court.

**4.      Second State *Habeas* Proceeding:**

On June 28, 2011, Petitioner, acting *pro se*, filed his second State *habeas* Petition. (Document No. 14-8, p. 5.); Woodson v. Fox, Case No. 11-MISC-298 (Cir. Ct. Kanawha Co. July 29, 2013). On July 12, 2012, the Circuit Court appointed L. Thompson Price as *habeas* counsel to pursue the limited ground of ineffective assistance of prior *habeas* counsel. (Id.) On October 1, 2012, Petitioner, by counsel, filed his Amended Petition asserting ineffective assistance of *habeas* counsel. (Id.) Specifically, Petitioner alleged that Mr. Faerber was ineffective based upon the following: (1) Failing to communicate and consult with Petitioner during the first *habeas* proceedings; and (2) Failing to communicate and consult with Petitioner during his appeal filed with the West Virginia Supreme Court of Appeals. (Id.) An omnibus hearing was conducted on March 28, 2013. (Id.) During the omnibus hearing, the Circuit Court heard testimony from Petitioner and Mr. Faerber. (Id., p. 6.) By Order entered on July 29, 2013, the Circuit Court denied Petitioner's *habeas* petition. (Id., pp. 1 - 12.) Petitioner appealed the denial to the West Virginia Supreme Court of Appeals. By Memorandum Decision entered on

April 13, 2015, the West Virginia Supreme Court of Appeals affirmed the Circuit Court's order denying Petitioner's *habeas* petition. Woodson v. Mirandy, 2015 WL 1741704, * 1 (W.Va. April 13, 2015).

5.      **Third State *Habeas* Proceeding:**

On May 28, 2015, Petitioner, acting *pro se*, filed his third State *habeas* Petition. (Document No. 14-9, p. 5.); Woodson v. Mirandy, Case No. 15-P-210 (Cir. Ct. Kanawha Co. July 2, 2015). In his Petition, Petitioner reasserted grounds previously raised and denied by the Circuit Court. (Id.) By Order entered July 2, 2015, the Circuit Court summarily denied and dismissed Petitioner's *habeas* petition. (Id.)

6.      **Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on December 18, 2015.[1] (Document No. 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1.      Ineffective assistance of trial counsel;

2.      Disproportionate sentencing;

3.      Count One of the Indictment for First Degree Robbery was defective and void; and

4.      Count Two of the Indictment for Malicious Wounding was defective and void.

(Id., pp. 6 - 13.) As Exhibits, Petitioner attaches the following: (1) A copy of the Circuit Court's "Final Order Denying Petitioner's Petition for Habeas Corpus" dated April 22, 2010 (Document

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 2-1.); and (2) A copy of the Circuit Court's "Final Order Dismissing Petition for Writ of Habeas Corpus" dated July 2, 2015 (Document No. 2-1.). By Order entered on October 7, 2015, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 9.)

On March 31, 2016, Respondent filed his "Motion to Dismiss the Petition as Untimely" and Memorandum in Support thereof with Exhibits. (Document Nos. 14 - 15.) As Exhibits, Respondent attaches the following: (1) A copy of the Circuit Court's "Final Order Denying Petitioner's Petition for Habeas Corpus" dated April 22, 2010 (Document No. 14-1.); (2) A copy of the 2004 Police Report (Document No. 14-2.); (3) A copy of Petitioner's "Commitment" as filed in the Circuit Court of Kanawha County (Document No. 14-3.); (4) A copy of the transcripts from Petitioner's Sentencing Hearing conducted on October 24, 2005 (Document No. 14-4.); (5) A copy of the transcripts from Petitioner's Resentencing Hearing conducted on October 31, 2005 (Document No. 14-5.); (6) A copy of Petitioner's "Motion for Resentencing" (Document No. 14-6.); (7) A copy of Petitioner's Resentencing Order dated February 9, 2007 (Document No. 14-7.); (8) A copy of the Circuit Court's "Final Order Denying Petitioner's Second Amended Petition for Writ of Habeas Corpus" dated July 29, 2013 (Document No. 14-8.); (9) A copy of the Circuit Court's "Final Order Dismissing Petition for Writ of Habeas Corpus" dated July 2, 2015 (Document No. 14-9.); (10) A copy of the Circuit Court's Order appointing W. Jesse Forbes as counsel for the purpose of representing Petitioner on his direct appeal (Document No. 14-10.); (11) A copy of the Obituary of Joseph Charles Cometti as printed in the Charleston Gazette on August 8, 2006 (Document No. 14-11.); (12) A copy of the Docket Sheet for Case No. 05-F-303 (Document No. 14-12.); and (13) A copy of Petitioner's "Motion

for the Correction of Illegal Sentence" as filed in the Circuit Court of Kanawha County on July 12, 2010 (Document No. 14-13.).

On April 1, 2016, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Document No. 16.) On April 25, 2016, Petitioner filed his Response in Opposition and Memorandum in Support. (Document Nos. 17 and 18.) First, Petitioner challenges the constitutionality of AEDPA. (Document No. 18.) Next, Petitioner argues that his resentencing restarted the statute of limitations time period. (Id., pp. 1 - 3.) Petitioner further states that he should not be faulted for the short comings of counsel and the fact that counsel unexpectedly passed away before perfecting Petitioner's direct appeal. (Id.) Finally, Petitioner argues that the State improperly "slow walked Mr. Woodson's procedural applications." (Id., pp. 4 - 5.)

As Exhibits, Petitioner attaches the following: (1) A copy of a letter addressed to the Circuit Court requesting that he be resentenced for the purposes of restarting the appeal time (Document No. 17-1, pp. 2 - 4.); (2) A copy of Petitioner's "Motion for Resentencing" as filed with the Circuit Court on October 5, 2006 (Id., pp. 5 - 7.); (3) A copy of the Circuit Court's Order scheduling a hearing on Petitioner's "Motion for Resentencing" (Id., pp. 8 - 9.); (4) A copy of the Circuit Court's Order rescheduling the hearing on Petitioner's "Motion for Resentencing" (Id., p. 10.); and (5) A copy of Petitioner's Resentencing Order dated February 9, 2007 (Id., pp. 11 - 14.).

On April 27, 2016, Petitioner filed his Amended Supplemental Response. (Document No. 19.) Petitioner argues that his Rule 35 Motion is "properly filed" and is currently pending before the Circuit Court. (Id.) Petitioner, therefore, requests that his Petition "be held in abeyance or

allow Petitioner's time frame to once again be tolled for Petitioner to be in compliance with the AEDPA's procedural requirements." (Id.)

Respondent filed his Reply on April 29, 2016. (Document No. 20.) First, Respondent argues that AEDPA is not unconstitutional. (Id., pp. 1 - 2.) Second, Respondent contends that Petitioner's Rule 35 Motion was not "properly filed" because Petitioner was challenging the validity, and not the imposition, of his sentence. (Id., pp. 3 - 7.) Respondent, therefore, concludes that the statute of limitation was not tolled by the filing of Petitioner's Rule 35 Motion and Petitioner's request for the matter to be held in abeyance should be denied. (Id., p. 7.)

## **THE APPLICABLE STANDARD**

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits."

Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## ANALYSIS

1. **Constitutionality of AEDPA:**

In Response to Respondent's Motion to Dismiss, Petitioner argues that the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"] is unconstitutional. First, Petitioner argues that AEDPA is unconstitutional because it violates the West Virginia Constitution. The Supremacy Clause of the United States Constitution provides that the Constitution and laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. Thus, the laws of the United States are "supreme" and the "law of the State . . . must yield to it." Gibbons v. Ogden, 22 U.S. 1, 33, 6. L.Ed. 23, 82 (1824). To the extent Petitioner argues that AEDPA is unconstitutional because AEDPA violates the West Virginia Constitution, Petitioner's claim is without merit. The undersigned further notes that there is no statute of limitation for the filing of a State *habeas* petition in West Virginia. Petitioner's right to file a State *habeas* petition is not effected by AEDPA.

Second, Petitioner appears argues that AEDPA strips federal courts of their judicial power as vested by Article III. The Fourth Circuit, however, has rejected the above arguments. In Mueller v. Angelone, 181 F.3d 557 (4th Cir. 1999), the Fourth Circuit held that AEDPA "did not work an unconstitutional limitation upon the jurisdiction of federal habeas courts, but rather

'represent[ed] a modest congressional alteration of the standards pursuant to which the writ issues." Mueller, 181 F.3d at 572(quoting Green v. French, 143 F.3d 865, 875 (4th Cir. 1998), *abrogated in part by* Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). The constitutionality of AEDPA's limitation period has been upheld under the Suspension Clause of the United States Constitution. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000)("AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause"); Lucidore v. New York State Division of Parole, 209 F.3d 107, 113 (2nd Cir. 2000)(finding that AEDPA does not constitute a per se violation of the Suspension Clause "because AEDPA's one-year statute of limitation leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits."); also see Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008)(recognizing that AEDPA's gatekeeping provisions are constitutional); Accord Felker v. Turpin, 518 U.S. 651, 665, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1997)(upholding AEDPA's prohibition against second or successive *habeas* petitions and holding that such restrictions do not "amount to a 'suspension' of the writ"). ADEPA clearly did not suspend Petitioner's right to file a federal *habeas* petition. Petitioner is merely required to file his federal *habeas* petition within ADEPA's statute of limitation period. Additionally, the doctrine of equitable tolling ensures that *habeas* petitions are not unjustly barred by the statute of limitation period. Accordingly, the undersigned finds that AEDPA's limitation period does not violate the Suspension Clause of the United States Constitution. See Pollard v. United States, 2010 WL 3944922 (N.D.W.Va. Oct. 7, 2010)("The AEDPA's one-year period of limitation therefore clearly does not amount to a suspension of the writ, but merely required that [petitioner] promptly file his habeas petition."); Buckhannon v. Ballard, 2010 WL 1837745

(S.D.W.Va. March 24, 2010)("The application of a one-year statute of limitation for filing a section 2254 habeas corpus petition does not cause citizens to lose their right to federal review, as argued by Petitioner; nor does it restrain the state courts from engaging in habeas corpus review. It merely implements a reasonable time period for filing a federal habeas petition, after the opportunity for state court review.")

**2.     Timeliness:**

In 1996, Congress enacted the AEDPA, which established a one-year period of limitation governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of one of four specified events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The undersigned will consider the timeliness of Petitioner's Petition under Section 2244(d)(1)(A). Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the

11

denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner did not file a direct appeal of his conviction to the West Virginia Supreme Court until June 6, 2007.[2] The undersigned notes that Petitioner was convicted on September 28, 2005, and sentenced on October 31, 2005. The Circuit Court, however, resentenced Petitioner on February 9, 2007, for the sole purpose of reinstating his appeal rights. In his Motion to Dismiss, Respondent argues that the limitation period began to run on March 1, 2006 (four months after the date of judgment). (Document No. 15, pp. 8 - 10.) Respondent concludes that the limitation period expired March 1, 2007, approximately three months before Petitioner filed his Petition for Direct Appeal (June 6, 2007). (Id., pp. 10 - 11.) Respondent further argues that "[t]he petition is untimely even if the court determines that Petitioner's efforts to be resentenced for purpose of appeal tolled the AEDPA limitation period." (Id., pp. 11 - 13.) The undersigned, however, finds that Respondent's above arguments are incorrect because Petitioner's resentencing restarted the clock for purposes of AEDPA's one-year limitation period. Harper v. Ballard, 2013 WL 285412, *4 - 6 (S.D.W.Va. Jan. 24, 2013)(J. Chambers); also see Horn v. Ballard, 2009 WL 914879, * 2 (S.D.W.Va. March 31, 2009)(J. Faber)(finding that petitioner's Section 2254 petition was timely based upon the reinstatement of petitioner's direct appeal rights by means of resentencing). As

---

[2] Although Petitioner filed a "Notice of Intent to Appeal" on November 3, 2005, Petitioner did not perfect his appeal by filing a timely Petition for Appeal. Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides that "[a] petition must be filed with the clerk of the circuit court where the judgment, decree or order being appealed was entered within four months of the entry of the circuit court order." W. Va. R. Crim. P. 37 (2005).

stated above, Section 2244(d)(1)(A) provides that the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Direct review does not conclude for purposes of the limitation period until the availability of direct appeal to the state courts, and to the United States Supreme Court, has been exhausted. Jimenez v. Quarterman, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009)(holding that the reopening of direct appeal through a state collateral review proceeding, before the filing of a federal habeas petition, rendered petitioner's judgment 'not yet final' for purposes of Section 2244(d)(1)(A)). Thus, Petitioner's most recent sentencing date (February 9, 2007) is the relevant judgment for purposes of determining the limitation period.[3]

Petitioner's direct appeal of his conviction and sentence was denied by the West Virginia Supreme Court of Appeals on November 6, 2008. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on February 5, 2009 (90 days after the West Virginia Supreme Court of Appeals denied his Petition for Appeal of his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[4] the one-year statute of limitation began to run on

---

[3] Petitioner perfected his appeal by timely filing a Petition for Appeal with the West Virginia Supreme Court of Appeal on June 6, 2007.

[4] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
    **(1) Period Stated in Days or a Longer Unit.**
    When the period is stated in days or a longer unit of time:
        **(A)** exclude the day of the event that triggers the period;
            **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
            **(C)** include the last day of the period, but if the last day is a

February 6, 2009, and Petitioner had until February 5, 2010, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts.

Petitioner filed his first State *habeas* Petition on February 23, 2009, 17 days after the statute of limitation period began to run (Case No. 09-MISC-60). Accordingly, the one-year statute of limitation was tolled by Petitioner's State *habeas* proceedings. On April 22, 2010, the Circuit Court of Kanawha County denied his *habeas* petition. Petitioner filed an appeal of the Circuit Court's denial of his *habeas* petition to the West Virginia Supreme Court. See Rule 5(f) of the West Virginia Rules of Appellate Procedure. The West Virginia Supreme Court refused Petitioner's petition for appeal on November 18, 2010. The limitation period thus began to run again on November 19, 2010, and Petitioner had until November 2, 2011,[5] to file a Section 2254 Application in the United States District Court, unless he again sought post-conviction relief from the State Courts.

On July 12, 2010, Petitioner filed a "Motion for Correction of Illegal Sentence" pursuant to Rule 35(a). The one-year statute of limitation is tolled by a properly filed Rule 35 Motion. See Wall v. Kholi, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); Bellamy v. Plumley, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a

---

> Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[5] Petitioner had 348 days remaining to file his Section 2254 Petition. 348 days from November 19, 2010, was November 2, 2011. Thus, Petitioner had until November 2, 2011, to file his Section 2254 Petition.

motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); Johnson v. Plumley, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"). The undersigned, therefore, must determine whether Petitioner's Rule 35(a) Motion was "properly filed." Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."[6] In his Rule 35(a) Motion, Petitioner's sole argument is an argument that was previously asserted and denied in his State *habeas* proceedings. (Document No. 14-1, pp. 15 - 16 and Document No. 14-3.) Specifically, Petitioner argues that he was improperly convicted of First Degree Robbery because no firearm or other type of dangerous or deadly weapon was used during the commission of the crime. (Document No. 14-13.) Petitioner, therefore, argues that the evidence presented in his case supported a conviction for only Second Degree Robbery. (Id.)

The West Virginia Supreme Court has determined that "Rule 35 contemplates correction or reduction of a criminal sentence rather than a challenge to the underlying conviction." Layne v. Siefert, 2012 WL 2874240, * 1 (W.Va. January 13, 2012). Similar to Petitioner, Mr. Layne argued in his Rule 35 Motion that "the evidence adduced at trial show him to be a principal in the second degree after he was indicted as a principal in the first degree." Id. The West Virginia

---

[6] Rule 35(b) provides that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation."

Supreme Court concluded that Mr. Layne's challenge to the evidentiary basis of his conviction was beyond the scope of Rule 35 and should be pursued by means of a *habeas* proceedings. Id. Based upon the foregoing, the undersigned finds that Petitioner's Rule 35 Motion is not "properly filed" because it improperly challenges the validity of his conviction. Thus, the filing of Petitioner's Rule 35(a) Motion did not toll the limitation period.

The statute of limitations, therefore, ran for 222 days until June 28, 2011, when Petitioner filed his second *habeas* petition in the Circuit Court of Kanawha County (Case No. 11-MISC-298), which tolled the statute of limitations. Petitioner's second *habeas* appeal was denied by the West Virginia Supreme Court on April 13, 2015. The statute of limitations began to run again on April 14, 2015,[7] and ran for 44 days until May 28, 2015, when Petitioner filed his third *habeas* petition with the Circuit Court of Kanawha County (Case No. 15-P-210). On July 2, 2015, the Circuit Court of Kanawha County denied his third *habeas* petition. Petitioner had four months to file an appeal to the West Virginia Supreme Court. See Rule 5(f) of the West Virginia Rules of Appellate Procedure. Petitioner, however, did not file an appeal of the Circuit Court's denial of his third *habeas* petition. The limitation period thus began to run again on November 3, 2015, and Petitioner had until January 24, 2016,[8] to file a Section 2254 Application in the United States District Court, unless he again sought post-conviction relief from the State Courts. The

---

[7] Petitioner had 126 days remaining to file his Section 2254 Petition. 126 days from April 14, 2015, was August 18, 2015. Thus, Petitioner had until August 18, 2015, to file his Section 2254 Petition unless he again sought post-conviction relief from the State Courts.

[8] Petitioner had 82 days remaining to file his Section 2254 Petition. 82 days from November 3, 2015, was January 24, 2016. Thus, Petitioner had until January 24, 2016, to file his Section 2254 Petition.

record reveals that Petitioner filed his instant Section 2254 Petition on December 17, 2015,[9] which was approximately 38 days prior to the expiration of the limitation period. Accordingly, the undersigned respectfully recommends that Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 14) be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 14) and **REFER** this matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

[9] Although Petitioner's Section 2254 Petition was received and filed by the Clerk on December 18, 2015, Petitioner's Section 2254 Petition was placed in the prisoner mailing system on December 17, 2015. The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the Court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *See Lewis v. Richmond City Police Department*, 947 F.2d 733, 735-36 (4th Cir. 1991).

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: November 3, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge