# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

WILLIAM M. WOODSON,       )
                                 )
        Petitioner,         )
                                 )      **CIVIL ACTION NO. 2:15-16254**
v.                         )
                                 )
PATRICK MIRANDY, Warden,    )
                                 )
        Respondent.     )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Petitioner has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Respondent's pending Motion for Summary Judgment as moot.

### PROCEDURE AND FACTS

**A.**    **Criminal Action No. 05-F-303:**

In May 2005, the Grand Jury of Kanawha County, West Virginia, returned a two count Indictment against Petitioner charging him with one count of First Degree Robbery and one count of Malicious Wounding. (Document No. 14-1, p. 3.) Following a one-day jury trial, Petitioner was convicted on September 28, 2005, of both of the above counts. (Id., p. 5.) On October 24, 2005, the Circuit Court sentenced Petitioner to a determine 35-year sentence for the First Degree Robbery conviction and an indeterminate period of not less than 2 nor more than 10 years for the Malicious Wounding conviction, to run consecutively. (Id., p. 6.) On October 31, 2005, the Circuit Court held an additional sentencing hearing to ensure that Petitioner was aware of his right to

appeal and to establish on the record that Petitioner's trial counsel would be handling any appeal. (Document No. 14-5.)

On November 3, 2005, Petitioner, by counsel, Joseph Cometti, filed a Notice of Appeal. (Document No. 14-1, p. 6.) Mr. Cometti passed away unexpectedly on August 6, 2006, and a timely appeal was never perfected. (Id. and Document No. 14-11.) On August 17, 2006, the Circuit Court appointed Jesse Forbes to represent Petitioner on appeal. (Document No. 14-10.) On October 5, 2006, Petitioner filed a Motion for Resentencing. (Document No. 14-6.) On February 9, 2007, the Circuit Court granted Petitioner's Motion and resentenced Petitioner to the same sentence as previously imposed. (Document No. 14-7.) Petitioner filed his Petition for Appeal with the West Virginia Supreme Court of Appeals on June 6, 2007. (Document No. 14-1, p. 6.) In his Petition, Petitioner asserted the following errors:

1. The trial court erred in the admission of evidence of "prior bad acts" of Mr. Woodson, in violation of Rule 404(b) of the West Virginia Rules of Evidence.

2. The trial court erred in the admission of evidence that Mr. Woodson and his co-defendant, Mr. Brown, had a racially biased motive in committing the crimes.

3. The trial court erred in the introduction of hearsay statements by Mr. Brown, in violation of Mr. Woodson's Sixth Amendment right to confront witnesses against him.

4. The failure of the State to disclose a "potentially exculpatory" eye witness.

5. There was insufficient evidence to support Mr. Woodson's convictions and trial court imposed excessive sentences.

6. Ineffective assistance of trial counsel.

(Id.) Subsequently, the West Virginia Supreme Court granted Petitioner's petition for appeal. (Id.) By Per Curiam Opinion entered on November 6, 2008, the West Virginia Supreme Court affirmed

Petitioner's convictions and sentences. State v. Woodson, 222 W.Va. 607, 671 S.E.2d 438 (2008)(per curiam). Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

**2.      First State *Habeas* Proceeding:**

On February 23, 2009, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Kanawha County. (Document No. 14-1, p. 6.); Woodson v. Ballard, Case No. 09-MISC-60 (Cir. Ct. Kanawha Co. April 22, 2010). On September 8, 2009, the Circuit Court appointed Kristopher Faerber as *habeas* counsel. (Id.) On November 9, 2009, Petitioner, by counsel, filed an Amended Petition for Writ of *Habeas Corpus* Ad Subjiciendum. (Id.) Petitioner, by counsel, filed a Supplemental Amended Petition on December 10, 2009, and a Second Supplemental Amended Petition on January 13, 2010. (Id.) In his Amended Petition and Supplemental Amended Petitions, Petitioner alleged the following grounds for relief:

1.      Ineffective assistant of trial counsel;

2.      Disproportionate sentence;

3.      Count One of Indictment for First Degree Robbery was defective and void; and

4.      Count Two of the Indictment for Malicious Wounding was defective and void.

(Id., p. 8.) An omnibus hearing was conducted on December 16, 2009, and January 13, 2010. (Id.) During the omnibus hearing, Petitioner presented only his own testimony. (Id.) By Order entered on April 22, 2010, the Circuit Court denied Petitioner's *habeas* petition. (Id., pp. 1 - 17.) Petitioner appealed the denial to the West Virginia Supreme Court of Appeals. On November 18, 2010, the West Virginia Supreme Court refused Petitioner's petition for appeal. Woodson v. Mirandy, 2015

3

WL 1741704, * 1 (W.Va. April 13, 2015).

**3.      Rule 35 Motion:**

On July 12, 2010, Petitioner filed in the Circuit Court of Kanawha County a Rule 35 Motion for Correction of Sentence. (Id.) This Motion remains pending before the Circuit Court.

**4.      Second State *Habeas* Proceeding:**

On June 28, 2011, Petitioner, acting *pro se*, filed his second State *habeas* Petition. (Document No. 14-8, p. 5.); Woodson v. Fox, Case No. 11-MISC-298 (Cir. Ct. Kanawha Co. July 29, 2013). On July 12, 2012, the Circuit Court appointed L. Thompson Price as *habeas* counsel to pursue the limited ground of ineffective assistance of prior *habeas* counsel. (Id.) On October 1, 2012, Petitioner, by counsel, filed his Amended Petition asserting ineffective assistance of *habeas* counsel. (Id.) Specifically, Petitioner alleged that Mr. Faerber was ineffective based upon the following: (1) Failing to communicate and consult with Petitioner during the first *habeas* proceedings; and (2) Failing to communicate and consult with Petitioner during his appeal filed with the West Virginia Supreme Court of Appeals. (Id.) An omnibus hearing was conducted on March 28, 2013. (Id.) During the omnibus hearing, the Circuit Court heard testimony from Petitioner and Mr. Faerber. (Id., p. 6.) By Order entered on July 29, 2013, the Circuit Court denied Petitioner's *habeas* petition. (Id., pp. 1 - 12.) Petitioner appealed the denial to the West Virginia Supreme Court of Appeals. By Memorandum Decision entered on April 13, 2015, the West Virginia Supreme Court of Appeals affirmed the Circuit Court's order denying Petitioner's *habeas* petition. Woodson v. Mirandy, 2015 WL 1741704, * 1 (W.Va. April 13, 2015).

**5.      Third State *Habeas* Proceeding:**

On May 28, 2015, Petitioner, acting *pro se*, filed his third State *habeas* Petition. (Document

No. 14-9, p. 5.); <u>Woodson v. Mirandy</u>, Case No. 15-P-210 (Cir. Ct. Kanawha Co. July 2, 2015). In his Petition, Petitioner reasserted grounds previously raised and denied by the Circuit Court. (<u>Id.</u>) By Order entered July 2, 2015, the Circuit Court summarily denied and dismissed Petitioner's *habeas* petition. (<u>Id.</u>)

**6.    Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on December 18, 2015.[1] (Document No. 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1.    Ineffective assistance of trial counsel;

2.    Disproportionate sentencing;

3.    Count One of the Indictment for First Degree Robbery was defective and void; and

4.    Count Two of the Indictment for Malicious Wounding was defective and void.

(<u>Id.</u>, pp. 6 - 13.) As Exhibits, Petitioner attaches the following: (1) A copy of the Circuit Court's "Final Order Denying Petitioner's Petition for Habeas Corpus" dated April 22, 2010 (Document No. 2-1.); and (2) A copy of the Circuit Court's "Final Order Dismissing Petition for Writ of Habeas Corpus" dated July 2, 2015 (Document No. 2-1.). By Order entered on October 7, 2015, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 9.)

On March 31, 2016, Respondent filed his "Motion to Dismiss the Petition as Untimely"

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and Memorandum in Support thereof with Exhibits. (Document Nos. 14 - 15.) On April 1, 2016, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Document No. 16.) On April 25, 2016, Petitioner filed his Response in Opposition and Memorandum in Support. (Document Nos. 17 and 18.) On April 27, 2016, Petitioner filed his Amended Supplemental Response. (Document No. 19.) Respondent filed his Reply on April 29, 2016. (Document No. 20.)

By Proposed Findings and Recommendation filed on November 3, 2016, the undersigned recommended that the District Court deny Respondent's "Motion to Dismiss the Petition as Untimely" (Document No. 14) and refer the matter back to the undersigned for further proceedings. (Document No. 22.) On November 21, 2016, Respondent and Petitioner filed Responses stating that they had no objections to the undersigned's Proposed Findings and Recommendation. (Document Nos. 23 and 24.) By Memorandum Opinion and Order entered on December 19, 2016, United States District Judge John T. Copenhaver, Jr. adopted the undersigned's recommendation and referred the matter back to the undersigned for further proceedings. (Document No. 25.)

By Order entered on December 27, 2016, the undersigned directed Respondent to file a Response to Petitioner's *habeas* claims by February 7, 2017, and directed that Petitioner file any Reply by March 7, 2017. (Document No. 26.) On February 7, 2017, Respondent filed his Answer, Motion for Summary Judgment, and Memorandum in Support. (Document Nos. 27, 28, 29.) On February 8, 2017, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion for Summary Judgment. (Document No. 30.) The foregoing Roseboro Notice, however, was returned undeliverable on March 7, 2017. (Document No. 31.) Through contact with Respondent's counsel

6

and a representative from the Advocate House,[2] the Court determined that Petitioner was currently residing that at the City Mission. (Id., p. 3, fn. 2.) Accordingly, the undersigned issued a second Roseboro Notice and directed the Clerk to mail a copy of the Notice to Petitioner at his newly determined address. (Document No. 32.) This Roseboro Notice was not returned undeliverable. Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his Petition, Petitioner did not file a response to Respondent's Motion for Summary Judgment. After noting Petitioner's lack of activity in this case following his release from custody, the undersigned issued an Order on June 12, 2017, directing Petitioner to "show cause in writing on or before July 12, 2017, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 33.) The undersigned specifically notified Petitioner that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Section 2254 Petition (Document No. 2) or Motion for Summary Judgment (Document No. 28). (Id.) Although the foregoing Order was returned undeliverable on June 27, 2017, it is Petitioner's responsible to notify the Clerk of the Court of any change of address.[3] (Document No. 34.) Petitioner has made no contact with this Court since November 21, 2016.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

---

[2]   The Advocate House is the location of the updated address (738 Washington Avenue, Huntington, WV 25701) provided by Petitioner on September 2, 2016. (Document No. 21.)

[3]   L.R. Civ. P. 83.5 provides that "[a] pro se party must advise the clerk promptly of any changes in name, address, and telephone number." It appears that Petitioner was well aware of this requirement as he advised the Court of a change in address on September 2, 2016. (Document No. 21.)

inherent power to dismiss an action for a *pro se* petitioner's failure to prosecute *sua sponte*.[4] <u>See</u> <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); <u>United States ex. rel. Curnin v. Bald Head Island Ltd.</u>, 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting <u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant;
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Petitioner is responsible for his lack of participation. A review of the record reveals that Petitioner is both competent and capable of participating in his case. Initially, Petitioner engaged in meaningful participation by filing a Response to Respondent's "Motion to Dismiss Petition as Untimely," a Memorandum in Support, and an Amended Supplemental Response. (Document Nos. 17 – 19.) Prior to his release from custody, Petitioner notified the Court on September 2, 2016, of his upcoming change of address. (Document No. 21.) On November 3, 2016, the undersigned entered a Proposed Finding and Recommendation favorable to Petitioner's position by recommending that Respondent's "Motion to Dismiss Petition as Untimely" be denied. (Document No. 22.) Petitioner filed a Response on November 21, 2016, noting that he had no objection to the Proposed Findings and Recommendation. (Document No. 24.) Since November 21, 2016, however, Petitioner has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite his receipt of the Memorandum Opinion and Order denying Respondent's Motion to Dismiss (Document No. 25), a Scheduling Order (Document No. 26), Respondent's Answer and Motion for Summary Judgment (Document Nos. 27 – 29), and at least one Roseboro Notice (Document No. 32). The Court notes that Petitioner is no longer incarcerated and there is no indication that forces beyond Petitioner's control are the cause of his neglect. Thus, the undersigned concludes that Petitioner is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals possible prejudice to Respondent. Respondent's Motion for Summary Judgment has been pending for approximately five months without a response from Petitioner. Such inaction by Petitioner does not, necessarily, weigh in favor of Respondent. Petitioner filed a sworn *habeas* Petition asserting facts in support. Should this Court find that facts asserted in the sworn Petition create genuine issues of material fact, Respondent would be required to proceed in a case when the Petitioner has presented no interest in pursuing. See Ramsey v. Rubenstein, 2016 WL 5109162, * 3 (S.D.W.Va. Sept. 19, 2016)(J. Johnston)(finding that defendants suffered "some prejudice" where plaintiff failed to file a response to a motion for summary judgment because "if the Court were to find that Plaintiff's initial submission created genuine issues of material fact on this claims, Defendants would be placed in a difficult position, forced to proceed in a case which Plaintiff has no apparent intention of trying.")

With respect to the third factor, the Court will consider whether Petitioner has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Petitioner has been "deliberately" dilatory. Petitioner, however, has completely failed to take any action in his *habeas* proceedings for approximately eight months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Petitioner.

10

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be unjust in view of Petitioner's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the Roseboro Notices and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[5] unless Petitioner is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Petition (Document No. 2) without prejudice, **DENY as moot** Respondent's Motion for Summary Judgment (Document No. 28) and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date

---

[5] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Petitioner acted "deliberately" in his failure to prosecute or that Petitioner initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

11

of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: July 17, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

12